**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Eugene HARDIN, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., A. Scott Hamilton, Commonwealth's Attorney, Louisville, for appellant.

Frank E. Haddad, Jr., Louisville, for appellee.

BIRD, Judge.

Eugene Hardin was convicted of a felony. Under Cr.Code of Practice, § 75 he was entitled to bond pending appeal. However he accepted probation under KRS 439.020 and perfected no appeal.

Later, an order of the circuit court was entered revoking the probation and ordering execution under the original conviction. He appealed to this Court from that order and that appeal is now pending. The circuit court then entered an order allowing him to execute bond pending appeal. The trial court took the position that Hardin was still entitled to bond under Cr.Code of Practice, § 75. The Commonwealth prosecutes this appeal from the order allowing bond and asks for a certification of the law.

It is agreed that the only authority for granting bond after conviction and pending appeal is Cr.Code of Practice, § 75, but the Commonwealth insists that the provisions apply to appeals from judgments on conviction and that this appeal is not from a judgment on conviction. We do not agree.

There is no judgment on conviction more final and definite than an order revoking probation and directing execution under the conviction. The appeal is from a judgment on conviction, not predicated however upon grounds generally alleged for reversal. The appellant asserts only one ground for reversal. He charges that the court erred in revoking the probation.

What is the purpose of an appeal in any criminal case? It is to avoid the consequences of conviction. So it is with this appeal. It differs from other appeals, only as to grounds presented for reversal and the manner of presentation, not in purpose.

It is therefore the opinion of this Court that the defendant was entitled to bond pending appeal and the law is so certified.